## BALTIMORE CITY COURT.

Filed May 21, 1921.

SAMUEL OLIVER LIPPY, CLAIMANT, VS.

C. W. LITTLETON & SONS, EMPLOYER, AND UNITED STATES FIDELITY AND GUARANTY COMPANY, INSURER.

*James Higgins* for claimant.
*Robert Bartlett* for insurer.

DAWKINS, J.—

The claimant ran a splinter in his finger about May 5, 1920. Where the splinter entered, the flesh began to swell and hurt after the lapse of two or three days. Later a bad infection and cellutitis ensued. Eventually the finger was amputated. It is contended by the claimant that although he has been allowed twenty weeks' compensation for the loss of his finger, he should be allowed an additional sum of $6 per week from November, 1920, to the present time for temporary partial disability. I do not think, under the law, that this claim is tenable. It does not seem to have been pressed before the Commission. Since the hearing, counsel for the claimant has signified to the court his wish to withdraw this part of his claim and appeal. No further consideration need be given to this.

The further contention is made that the employer failed to promptly provide for the injured employee medical and surgical treatment within the meaning of Section 37 of the statute.

The above section provides that the employer shall promptly provide medical and other attendance or treatment, and if the employer fails to provide the same the injured employee may do so at the expense of the employer.

Section 38 provides that notice within ten days after the accident shall be given the employer and failure to give notice shall be a bar to any claim under the Act. Although it was contended at the hearing that the notice should not apply as to furnishing medical attention, it is hard to see how if a whole claim can be barred if notice be not given and at the same time that employer must furnish medical attention without knowing about the injury, especially when the law provides that an employer must fail to provide attention before an employee can do so at the employer's expense.

There is but little doubt that the insurance company offered to furnish medical attention the very day that the accident was reported, and that such attention was refused. With the full provision for insurer's protection provided in Section 14 of the Act, there

can be no reasonable doubt but that the insured and the employer were one and the same for the purposes of carrying out this part of the Act. Everyone naturally prefers his own doctor, but if someone has to pay the fees for another it is only fair for him to provide the medical service.

This appeal was taken on April 5, 1921. On April 1, 1921, the claimant signed and executed a release in full in the usual form for all claims of every kind. This release was witnessed by his friend and adviser. No suggestion is made of any fraud or misunderstanding on giving the release. It has been contended that under Section 53 of the Act that no binding release could be executed if any amount other than that paid could be claimed. Such a construction can not be given such section. The release is conclusive, but even without it, under the facts here presented, the finding of the Commission is affirmed.